The Chief Justice
delivered the opinion of the court.*
This was an ejectment to recover the possession of a lot in the town of Cynthiana. A verdict and judgment were given for the plaintiff, and the defendant has brought the case to this court by an appeal.
The points arising in the cause grow out of a bill of exceptions taken—1st, to the instruction given by the court to the jury, that a deed from Harrison to Coleman, produced in evidence by the defendant, was not such as passed a legal title to Coleman; and 2dly, to the refusal of the court to permit the defendant to give evidence to impeach the title of the lessor of the plaintiff on the ground of fraud.
The lessor of the plaintiff claims under a conveyance from the trustees of the town, in whom the legal title was vested by law, and the defendant shewed no conveyance from the trustees, or from any one claiming under them, to Harrison. It is plain, therefore, that Harrison, at the time he made the deed in question to Coleman, had no legal title, and consequently the title could not have passed by the deed to Coleman. Whether, if Harrison had been possessed of the title it would have passed by the deed to Coleman, is a question which admits of some doubt; and there, is some doubt too, whether the court meant to instruct the jury that the deed did not pass the title to Coleman on the ground that he had no title, or to instruct them that the deed, although Harrison might have the title, was insuffi *204 cient to pass it to Coleman. But as it is manifest that the legal effect of the instruction would be precisely the same to the parties in this suit in either case, it is unnecessary to express any opinion either as to the sufficiency of the deed, or as to the exposition which ought to be given to the instructions to the jury. Let the case be as it may, in those respects, the instructions are substantially correct.
A deed of conveyance cannot in a trial at law be impeached on the ground of fraud.
Bibb for appellant, Hardin for appellee.
The refusal of the circuit court to permit the defendant to go into evidence to impeach the lessor of the plaintiff’s title on the ground of fraud, is sanctioned by the repeated adjudications of this court, the reasons of which need not now be repeated. See 2 Bibb, 416; 1 Marshall, 440.
Judgment affirmed with costs.

 Absent, Judge Mills.